CINCINNATI BAR ASSOCIATION *v.* FARR.

[Cite as *Cincinnati Bar Assn. v. Farr* (1995), 72 Ohio St.3d 224.]

(No. 94–2663—Submitted February 7, 1995—Decided May 24, 1995.)

*Richard H. Johnson, Stephen M. Nechemias* and *Ann Lugbill,* for relator.
*Richard Reagan Farr, pro se.*

*Per Curiam.* We agree that respondent violated DR 1–102(A)(5) and (6), 3–101(B), 6–101(A)(3), 7–101(A)(2), and 9–102(A)(2), as found by the board. However, we cannot allow respondent's immediate return to practice law, even under the comprehensive conditions the board has recommended.

Respondent has attempted rehabilitation on several occasions, including one time in 1990, in which he claims to have abstained from alcohol for ten months. This history manifests his propensity to relapse, and we see no convincing evidence in the record that he will not do so again.

At the time of the hearing, respondent was not under the care of a physician or counselor, he did not zealously participate in A.A. or participate at all in OLAP, and, most unfortunately, he continued to consume alcohol. With the exception of the quantity of alcohol consumed, these had also been respondent's circumstances prior to his most recent admission to a substance abuse program. Similarly,

respondent continues to have no permanent address or sustaining income, both of which foster relapse.

We realize that withholding respondent's license to practice law may exacerbate his economic situation and, correspondingly, reduce his chances for recovery. However, our primary obligation here is to protect the public. In furtherance of this duty, we order that respondent be indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.