BUTLER COUNTY BAR ASSOCIATION *v.* MARTIN.

[Cite as *Butler Cty. Bar Assn. v. Martin* (1995), 73 Ohio St.3d 48.]

(No. 94–2652—Submitted April 18, 1995—Decided August 16, 1995.)

*Gary Kaup* and *Donald C. LeRoy,* for relator.

*F. Joseph Schiavone,* for respondent.

*Per Curiam.* We have thoroughly reviewed the record and agree with the board's findings of misconduct. However, we are not convinced that respondent has fully accepted his addictions or committed himself to a recovery program. Thus, we cannot concur in the sanction recommended by the board.

Back in November 1992, when he was called to testify at relator's probable cause hearing, respondent acknowledged that his alcohol consumption and drug use had interfered with his ability to represent clients. He described other problems either caused or aggravated by his drinking or drug use, including his diabetic condition, and he claimed, in effect, to have hit bottom. He said he had already stopped using cocaine and marijuana, and he recognized that his drinking "ha[d] to be stopped." He promised to get help. In response to the suggestion that he seek counselling with OLAP, he said, " * * * if that's going to help, I'll certainly do it, I'll do everything I have to * * * [to keep my license to practice law.]"

But respondent did not contact OLAP. And while he eventually entered a treatment program, he did not do so until May 1994, one and one-half years after

the probable cause hearing and just before the initially scheduled panel hearing. In the interim, respondent neglected the cases of at least two more clients.

Moreover, respondent's testimony at the panel hearing was suspiciously familiar. He described how he had again "bottomed out," adding that he "really" had this time. He offered assurances that he was prepared to take whatever steps sobriety required, just as he had during the prior proceeding. Respondent also admitted to the panel that he had indulged in alcohol and/or drug use only a week or two before his appearance, essentially the same confession he made nearly two years before.

For these reasons, the sanction recommended by the board is inconsistent with the indefinite suspension we imposed in *Cincinnati Bar Assn. v. Farr* (1995), 72 Ohio St.3d 224, 648 N.E.2d 1338, another case in which an attorney attributed his repeated neglect to alcohol abuse, but had not committed himself completely to recovery. We, therefore decline the board's recommendation and order that respondent be suspended from the practice of law in Ohio indefinitely. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. I would accept the recommendation of the panel hearing this matter or that of the board. The panel and the board believed that the respondent should be suspended from the practice of law for two years with a part of or all of that term suspended and should be placed on probation on the conditions set forth by the panel.