[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 1223.]

CINCINNATI BAR ASSOCIATION *v*. FARR.

[Cite as *Cincinnati Bar Assn. v. Farr*, 1999-Ohio-39.]

(No. 94-2663—Submitted October 12, 1999—Decided October 29, 1999.)

ON PETITION FOR REINSTATEMENT.

———————————

{¶ 1} This cause came on for further consideration upon the filing on December 11, 1998, of a petition for reinstatement by respondent, Richard Reagan Farr, Attorney Registration No. 0041061. In accordance with Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The board filed its Final Report in this court on August 20, 1999, recommending that respondent be reinstated to the practice of law upon conditions. No objections to said Final Report were filed. Upon consideration thereof,

{¶ 2} IT IS ORDERED by this court that the petition for reinstatement of respondent be, and hereby is, granted, and that respondent, Richard Reagan Farr, be and hereby is, reinstated to the practice of law on condition that relator appoint a practice monitor for a period of two years, who will periodically review respondent's office procedures, case management practices, record keeping, ethical compliance, and other related issues, and respondent establish one or more trust accounts in which to maintain all client funds should he engage in private practice.

{¶ 3} IT IS FURTHER ORDERED by this court that on or before thirty days from the date of this order, relator, Cincinnati Bar Association, file the name of the attorney who will monitor respondent pursuant to Gov.Bar R. V(9). It is further ordered that at the end of the two-year probationary period, relator shall file a report indicating whether respondent has complied with the terms and conditions of probation.

**{¶ 4}** IT IS FURTHER ORDERED by the court that pursuant to Gov.Bar R. VI, respondent immediately register with the Attorney Registration Office for the current 1999/2001 attorney registration biennium.

**{¶ 5}** IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $691.44, less the deposit of $500, for a total balance due of $191.44, which costs shall be payable to this court, by certified check or money order, on or before ninety days from the date of this order.  It is further ordered that if these costs are not paid in full on or before ninety days from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs and that the court may find respondent in contempt and suspend respondent until such time as costs, including all accrued interest, have been paid in full.

**{¶ 6}** IT IS FURTHER ORDERED that respondent's probation will not be terminated until (1) respondent files an application for termination of probation with this court; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the court; (4) relator files with this court a report indicating that respondent has complied with the terms and conditions of his probation; and (5) this court orders respondent's probation terminated.

**{¶ 7}** IT IS FURTHER ORDERED, *sua sponte*, by the court, that within ninety days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F).  It is further ordered, *sua sponte*, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within ninety days of the notice of such award.

**{¶ 8}** IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the

Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 9} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

{¶ 10} For earlier case, see *Cincinnati Bar Assn. v. Farr* (1995), 72 Ohio St.3d 224, 648 N.E.2d 1338.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––